UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 08-0094 (RJL) |
| | : | |
| DESALINES BATTLE, | : | Judge Richard J Leon |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM ON APPEAL OF DETENTION ORDER

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, has respectfully moved this Court to reverse a decision, of a Magistrate Judge to release defendant Battle to heightened supervision pending trial. The record shows that no condition nor combination of conditions for the defendant's release can reasonably assure the safety of the community. Thus, the United States asks the Court to hold the defendant without bail pending trial. In support the United States says as follows:

### BACKGROUND

In 2005, law enforcement was provided credible information that the defendant was selling large quantities of crack cocaine, and cocaine hydrochloride in the Washington, D.C. area. On March 3, 2006, with the assistance of a confidential source ("CS"), with law enforcement's supervision, made a controlled drug purchase from the defendant. Specifically, on that day, the CS went into the 3600 Block of New Hampshire Ave., N.W., to locate Battle. CS had purchased cocaine from the defendant in the past, and they usually just ran into each other in that area and conducted the drug deals. Prior to going into the area, the CS was searched and free from any contraband, equipped with a button camera, and then provided $4,000 in United States Currency. The CS met the defendant

in the 3600 block of New Hampshire Ave., N.W., they then went inside of 3622 New Hampshire Ave., N.W., and purchased an eighth of a kilogram (125 grams) of crack for $3,250 from Battle. This residence is the defendant's grandmother's home, where he was residing. After the drug purchase, the CS returned to law enforcement and provided them the eighth of a kilogram of crack and $750. The resultant video clearly shows the defendant's face and the defendant receiving the money, and then handing an object to the CS. DEA analyses established that the CS purchased 121.5 grams of crack.

On May 2, 2006, again at law enforcement's request, the CS went into the 3600 Block of New Hampshire Ave., N.W., to locate the defendant to make another drug purchase from Battle. Prior to going into the area, the CS was searched and free of any contraband, equipped with a button camera, and then provided $3,500 in United States Currency. The CS met Battle, went inside of 3622 New Hampshire Ave., N.W., and purchased eighth of a kilogram of cocaine hydrochloride for $3,200 from the defendant. After the drug purchase, the CS returned to law enforcement, and provided them the eighth of a kilogram of cocaine and $300. DEA analyses has established that the CS purchased 122.4 grams of cocaine powder on this occasion.

The defendant has a criminal history. On December 9, 2006, the defendant was arrested with two bags of marijuana and $1,865 in U.S. Currency, after being stopped in an automobile where the defendant and others were consuming alcohol in the vehicle. While on release, the defendant tested positive two times, for two different illegal drugs. On October 25, 2007, the defendant pled guilty to Attempt Possession of a Controlled Substance, and the defendant received a suspended sentence, with probation.

On April 15, 2008, Magistrate Judge Deborah A. Robinson presided over the defendant's detention hearing. The Government asked the Court to hold the defendant without bail pending trial, in accordance with the Bail Reform Act, 18 U.S.C. Section 3142(f)(1)(C). That motion was based on 18 U.S.C. Section 3142(f)(1)(C) which authorizes pre-trial detention in any case involving a crime under the Controlled Substances Act, 21 U.S.C. Section 801, *et seq.*, carrying a maximum penalty of ten years or more in prison and creates a rebuttable presumption that probable cause to believe someone so charged is a danger to the community. Count One of the indictment charges in the defendant with a crime which carries such a mandatory minimum term of ten years and up to life imprisonment. The United States submits that the law <u>presumes</u> that defendant should be incarcerated pending trial when charged with the crimes for which defendants have been indicted. 18 U.S.C. Section 3142(e).

At the detention hearing, despite the fact that in just one sale this defendant distributed 2.5 times the amount of crack cocaine for which he **must** be sentenced to a mandatory minimum sentence of ten years, Magistrate Robinson concluded that the defendant was not a danger to the community and there were conditions of release that would assure the safety of the community. Magistrate Robinson released the defendant to heightened supervision and has not issued any opinion in writing in support of that determination.

## ARGUMENT

This Court should overturn Magistrate Robinson's decision to release the defendant to heightened. When detention has been denied, 18 U.S.C. Section 3145(a) states:

> (a) Review of a release order – If a person is ordered released by a magis-
> trate, . . .

>    (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . .

The motion shall be determined promptly.

In reviewing a denial of a detention request, it is worthwhile recalling Congress' intent in 1984 when it enacted the current version of the Bail Reform Act:

> Many of the changes in the Bail Reform Act reflect the . . . determination that Federal bail laws must . . . give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released. . . . The constraints of the Bail Reform Act fail to grant the Courts the authority to impose conditions of release geared toward assuring community safety, or the authority to deny release to those defendants who pose an especially grave risk to the safety of the community. . . . ***This broad base of support for giving judges the authority to weigh risks to community safety in pretrial release decisions is a reflection of the deep public concern, which the Committee shares, about the growing problem of crimes committed by persons on release.***

See S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3486-3487. (Emphasis added.)[1]

---

[1] The Court must always consider whether defendant's release is a danger to the community. This point is made throughout the Bail Reform Act. Section 3142(e), which authorizes detention without bail pending trial, which reads:
> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required **and the safety of any other person and the community**, such judicial officer **shall order** the detention of the person before trial.

Emphasis added. Similarly, § 3142(f) reads:
> The judicial officer shall hold a hearing to determine whether any condition of combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person **and the safety of any other person and the community** –
>> (1) upon motion of the attorney for the Government, in a case that involves,
>>> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act

4

There are no conditions of release that will ensure that defendant will not pose a danger to the community if released.  This is based first upon the presumption to that effect written into the Bail Reform Act.  18 U.S.C. Section 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions of release will reasonably assure the  . . . safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.").  This presumption, triggered by indictment, is overwhelmingly reinforced by the facts of the case.

The defendant is in the drug trade, and he is not a minor player.  This is supported by the two controlled purchases conducted by the FBI.  The defendant sold approximately 1/4 of kilogram of cocaine over the course of two controlled purchases.

These facts embody the danger that defendant's release poses.  As the legislative history of the 1984 Bail Reform Act amendments shows:

> [T]he language referring to the safety of the community refers to
> the danger that the defendant might engage in criminal activity to

---

(21 U.S.C. § 801 *et seq.*) . . .

Emphasis added.  This point is again made in § 3142(g), **Factors to be considered**, which states:
The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required ***and the safety of any other person and the community***, take into account the available information concerning –
 (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
 (2) the weight of the evidence against the person;
 (3) the history and characteristics of the person . . .
 (4) ***the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .***
(Emphasis added.)

> the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving violence. . . . The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community.

S.Rep. No. 225, supra, at 3195-3196.

The defendant may argue that his community ties overcome the presumption that he should be held pending trial. Again, the framers of the 1984 Bail Reform Act thought differently. "The Committee also notes with respect to the fact of community ties that it is aware of the growing evidence that the presence of this factor does not necessarily reflect a likelihood of appearance, and has no correlation with the question of the safety of the community." S.Rep. No. 225, supra, 3207. Nor is it clear why community ties, which clearly were not enough to keep the defendant from breaking the law previously, will suddenly keep him on the straight and narrow. Furthermore, he was using his grandmother's residence as a mode to further and conceal his drug trafficking, and the evidence will establish he was assisted by his father. Defendant lived in his grandmother's home until six months ago when he moved in with his mother. Magistrate Judge Robinson's release order requires that the defendant continue to reside with his mother. The government fails to see what assurances of safety the community would find in requiring a defendant who so callously abused his grandmother's trust to reside with his mother. We submit that it is unreasonable to believe that the community receives **any** assurance of safety from such a condition.[2]

---

   [2]   Nor is there any additional assurance in electronic monitoring which only requires that at certain times the defendant must be in the premises where the community has **no** assurance there is any bar to further narcotics trafficking. Please remember, this defendant is a 28 year old man.

In summary, if the defendant were released, it would constitute a clear, convincing danger to the community and we submit that in creating a rebuttable presumption of dangerousness for defendants for whom there is probable cause to believe are trafficking in narcotics[3], Congress clearly indicated that it intended courts to focus upon the danger to the community. .

**WHEREFORE**, the United States respectfully requests that the defendant's oral motion be denied and the defendant be held without bond pending trial.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
WILLIAM J. O'MALLEY, JR
Assistant United States Attorney

_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

---

[3] It is important to note that the presumption lies when a defendant is charged with an offense which carries a **maximum** penalty of more than ten years. The point being that Congress directed that the presumption vests for a defendant who distributes or possesses with intent to distribute **any** quantity of a controlled substance, however small. This defendant distributed 2.5 times the amount Congress required for a mandatory minimum sentence of ten years.