IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 08-094 |
| | : |
| v. | : Honorable Richard J. Leon |
| | : |
| DESALINES BATTLE | : |
| | : |
| Defendant. | : |

**MOTION FOR BILL OF PARTICULARS**
(Defendant's Pretrial Motion Number 2)

Defendant Desalines Battle, by and through undersigned counsel, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Honorable Court for an Order compelling the government to furnish the following requested information in said bill of particulars:

1. Identify the any "unindicted" co-defendants with whom the Defendant acted in concert with that are "known" to the grand jury.

2. Identify all overt acts not listed in the indictment but upon which the government may rely at trial.

3. Identify the manner and means by which MPD officers and FBI agent(s) targeted Mr. Battle for the surveillance, which led to his subsequent arrest and prosecution.

4. Set forth the dates, times and places that the alleged informant(s) or co-defendants met to discuss the alleged crimes committed and the others that were party to the discussion.

5. Set forth the scope, purpose and overt acts taken by each alleged "Unindicted" co-defendant or conspirator or informant in furtherance of the alleged illegal drug transaction.

6. Set forth the names and addresses of each and every witness who claims to have observed Mr. Battle engage in any illegal conduct charged in the indictment.

### Authority

The function of a bill of particulars is to protect against jeopardy, provide the accused with sufficient details of the charges against him where necessary to the preparation of the accused's defense, and avoid prejudicial surprise at trial. United States v. Leach, 427 F.2d 1107 (1st Cir., 1970), cert denied, 400 U.S. 829 (1970). The need for a bill of particulars in cases such broad allegations as alleged against Mr. Battle in this case is well recognized. See United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979) (Ordering government to provide a list of all unindicted co-conspirators and all overt acts in furtherance of the conspiracy by not named in the indictment); United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y)(ordering bill of particulars with regard to overt acts).

The government's main premise in this case is that Mr. Battle is a drug dealer and engaged in illegal activities. However, the government discovery reveals that the informant had to approach Mr. Battle's father to get the Mr. Battle's phone number and otherwise establish contact. Nonetheless, the

2

informant had told the authorities that he had purchased large amounts of drugs from Mr. Battle in the past.

The officers indicated in discovery that it intended to get a wiretap on Mr. Battle's phone after the informant had informant had secured the target's cell phone number. Based upon the limited discovery provided defense counsel, no application (based upon probable cause or otherwise) was ever made to a federal magistrate or associate judge. Further, the government only complied 16 pages of discovery in an over a two (2) year investigation. The government bases its case on video and audio recordings that do not show any illegal drugs or contain any mention of drugs from Mr. Battle's mouth or actions. The purported drug transaction video, the government concedes requires the testimony of the unidentified informant and FBI agent Ryan Pardee.

Although the government has shown its video/ audio evidence to defense counsel (while refusing to allow it to be shown to Mr. Battle), the video evidence does not show any illegal drugs or illegal drug activity. The defense needs, at a minimum, for Mr. Battle to review the video for trial preparation.

The government concedes that they were "tipped off" by an informant after his arrest. Almost every case brought in this Courthouse involves confidential informant(s). In order for Mr. Battle to be able to prepare for trial, the government should be forced to provide all relevant information in this case not limited to the video/audio evidence. This Court has discretionary authority to grant defendant's motion for a bill of particulars. United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991).

Wherefore, I respectfully request that this Court order the government to prepare a written bill of particulars.

Respectfully submitted,

_____
Kevin J. McCants
601 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
202.742.6540
202.330.5155 (f)
mccantsk@aol.com
Counsel for Desalines Battle

**Certificate of Service**
Under penalty of perjury, I certify that a true copy of the attached motion for a Bill of Particulars was sent electronically to the assigned AUSA ANTHONY SCARPELLI ON THIS 1ST DAY OF JUNE, 2008.

_____
KEVIN MCCANTS

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 08-094 |
| | : |
| v. | : Honorable Richard J. Leon |
| | : |
| DESALINES BATTLE | : |

ORDER

Upon consideration of Defendant's Motion for a Bill of Particulars and Incorporated Memorandum of Points of Authorities, it is **Ordered**, that the government shall prepare a written bill of particulars. **IT IS SO ORDERED THIS** _____ day of June, 2008.

_____
Richard J. Leon
United States District Court Judge