UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 08-094** |
| : | |
| v. : | |
| : | **Judge Richard J. Leon** |
| **DESALINES BATTLE** : | |

### MOTION TO SUPPRESS EVIDENCE AND STATEMENTS AND INCORPORATED MEMORANDUM IN SUPPORT AND REQUEST FOR EVIDENTIARY HEARING
(Defendant's Pretrial Motion #1)

Defendant Desalines Battle, through undersigned counsel, respectfully moves this Honorable Court to for an Order suppressing as evidence against him at trial all physical evidence seized by law enforcement agents as the prosecution has failed to authenticate and establish a sufficient chain of command to admit physical evidence against the defendant. This motion is made pursuant to Federal Rule of Evidence 901 (a), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

### BACKGROUND

On April 8, 2008, Mr. Desalines Battle was charged in a two count indictment with Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of Title 21, United States code, Sections 841(a)(1) and 841(b)(1)(A)(iii) (Count One), and

Unlawful Distribution of Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)) (Count Two).

## STATEMENT OF FACTS[1]

Following the arrest of an individual in August, 2005, who became a cooperating witness who provided information that according to the police "detail{s} only a Lieutenant or above could supply the level of information that has been recorded and given" In conjunction with this cooperating witness, 26 people have been indicted and the bulk of the group already tried and either convicted or acquitted.

In respect to Defendant Battle, the government has only complied 16 pages of discovery and a video that needs the cooperator to show the criminal activity on the vido.

The prosecution alleges that the Investigators conducted a buy and walk operation in the 3600 block of New Hampshire Ave., N.W. The prosecution alleges that the same unidentified informant was provided with audio and video and supplied with $4,000 FBI funds. The prosecution alleges that the informant entered Mr. Battle's Father's house and purchased 125 grams of cocaine base. The prosecution alleges that both audio and video of this purchase was recorded and "will be maintained by the FBI for evidence."

The prosecution allege that on 5/2/2006 a witness (whose identity has not been revealed to defense counsel) made a controlled purchase of an eigth of a kilogram of suspected cocaine from Desalines Battle at 3622 New Hampshire Ave NW, Washington, DC. The prosecution alleges the purchase was captured on a concealed camera worn by

---

[1] This statement of the facts is a summary based on the Metropolitan Police Department Investigative File Report. By including in this motion the facts as alleged by government witnesses, Mr. Battle does not in any way concede that these facts are accurate or true.

the source and entered into evidence. The prosecution alleges the suspected cocaine field tested positive, and was also entered into evidence.

Counsel for defendant has requested numerous times the alleged audio and video tapes of the alleged transaction involving Mr. Battle. Prosecution has yet to produce these alleged recordings.

## DISCUSSION

I. **Prosecution has not authenticated the physical evidence used against Mr. Battle.**

According to Federal Rule of Evidence 901 (a), authentication is a condition precedent to admissibility. The district court must determine "if there is a reasonable probability that the evidence is what it is purported to be." Cruz, 352 F.3d at 506 (internal quotation marks omitted).

A. Prosecution has not authenticated recordings used against Mr. Battle.

While according to their own statements the Prosecution has relied almost exclusively on the purported recordings to find probable cause to link Mr. Battle to the alleged drug transaction and support an arrest, the prosecution has rejected defense counsel's repeated requests for discovery of the recordings. Without proper access to these alleged recordings there is no way to adequately verify the authentication of the recordings nor provide Mr. Battle with a proper defense to the evidence. This evidence, taken as the Prosecution claims, provides the defendant with an undue burden in defending himself against the charges against him.

For these reasons the defendant requests that the alleged recordings and any physical evidence derived from them be suppressed.

II. **Prosecution has not shown sufficient chain of command for the physical evidence used against Mr. Battle.**

    A.    Prosecution has not shown sufficient chain of command for the alleged purchased drugs used as evidence against Mr. Battle.

Prosecution must establish chain of custody in order to introduce evidence in form of object connected with commission of crime. U.S. v. Harrington, C.A.9 (Or.) 1991, 923 F.2d 1371, certiorari denied 112 S.Ct. 164, 502 U.S. 854, 116 L.Ed.2d 128. Criminal Law 404.30

As stated earlier, despite numerous requests by counsel for defendant, The Prosecution has not produced the alleged recordings of the alleged drug transactions used as the basis of the charges and allegations against Mr. Battle. Without the alleged recordings there is no evidence linking Mr. Battle to the drugs allegedly purchased from his father's house. The drugs in question were not obtained from Mr. Battle's person. The Prosecution has produced no witness who has testified to purchasing the drugs in question from Mr. Battle. The prosecution has not produced any officer who claims to be an eyewitness to the alleged drug transactions involving Mr. Battle. The prosecution has not produced any authenticated recordings of Mr. Battle engaging in the alleged drug transactions. The prosecution has not produced any evidence at all connecting Mr. Battle with the allegedly purchased drugs. Without the evidence showing the chain of

command linking Mr. Battle to the illegal drugs, the prosecution has not met its burden required under Harrington, supra. The prosecution has displayed the video evidence in this case to defense counsel only but not to Mr. Battle. The prosecution concedes that the video does not display drugs, and is dependent on the cooperating witness to have any evidentiary value in their case-in-chief.

Respectfully submitted,

_____
Kevin McCants
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
202.742.6540
202.330.5155 (fax)
mccantsk@aol.com (email)

**Certificate of Service**

Under penalty of perjury, I, Kevin McCants, attest that a true and complete copy of the attached MOTION TO SUPPRESS EVIDENCE AND STATEMENTS was sent electronically to the assigned AUSA Anthony Scarpelli.

_____
Kevin McCants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 08-094 |
| | : |
| v. | : Honorable Richard J. Leon |
| | : |
| DESALINES BATTLE | : |

### ORDER

Upon consideration of the submissions on the admissibility of physical evidence in this case, it is hereby ORDERED that ALL PHYSICAL EVIDENCE IN THIS CASE IS HERE SURPRESSED.

SO ORDERED.

Richard J. Leon
United States District Court Judge