IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :   Criminal No.: 08-094 (RJL)
       v.                       :
                                :
DESALINES BATTLE                :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BATTLE'S INITIAL MOTION IN LIMINE
### (Defendant's Pretrial Motion #3)

Defendant Desalines Battle, through undersigned counsel, respectfully requests that this Court issue an Order in Limine precluding the introduction of improper evidence of alleged criminal activity by the government at trial. An evidentiary hearing is requested.

The government has provided the defense with only 16 pages of discovery and has not complied with Rule 16 of the Federal Rules of Criminal Procedure in relation to count II of the Indictment and violates Rules 401, 403, and 801 of the Federal Rules of Evidence and *United States v. Giglio*, 405 US 150 (1972) in a 2-year police investigation of such "large scale drug activity that only a lieutenant or higher could supply the information that has been recorded and given." The government's evidence can be grouped into four evidentiary groups:

   1) Inadmissible reputation evidence,
   2) Inadmissible video and audio recordings that the government concedes is
      Absent images of illegal drugs,
   3) Reports of abandoned police investigative police techniques in the underlying
      Criminal investigation,
   4) Unreliable cocaine or physical evidence

## Facts

Following the arrest of an individual in August, 2005, who became a cooperating witness who provided information that according to the police "detail{s} only a Lieutenant or above could supply the level of information that has been recorded and given" In conjunction with this cooperating witness, 26 people have been indicted and the bulk of the group already tried and either convicted or acquitted.

In respect to Defendant Battle, the government has only complied 16 pages of discovery and a video that needs the cooperator to show the criminal activity on the video.

The prosecution alleges that the Investigators conducted a buy and walk operation in the 3600 block of New Hampshire Ave., N.W. The prosecution alleges that the same unidentified informant was provided with audio and video and supplied with $4,000 FBI funds. The prosecution alleges that the informant entered Mr. Battle's Father's house and purchased 125 grams of cocaine base. The prosecution alleges that both audio and video of this purchase was recorded and "will be maintained by the FBI for evidence."

The prosecution alleges that on 5/2/2006 a witness (whose identity has not been revealed to defense counsel) made a controlled purchase of an eight of a kilogram of suspected cocaine from Desalines Battle at 3622 New Hampshire Ave NW, Washington, DC. The prosecution alleges the purchase was captured on a concealed camera worn by the source and entered into evidence. The prosecution alleges the suspected cocaine field tested positive, and was also entered into evidence.

### A. Motion In Limine to exclude all reputation evidence under Rules 401, 403 and 803(20) of the Federal Rules of Evidence.

2

Federal Rules of Evidence 403 and 803 excludes irrelevant and reputation evidence, respectively. First, as part of the government discovery, its cooperating witness in this case informed the police that "Desi" supplied someone name "David" with four kilos of cocaine when "David was down." First, who is David and how is he relevant to this case. The government has no further proffer about a person named David and any details about purported criminal activity. Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as evidence having tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Since said purported supplying of "David" would not be related to the March 3, 2006 or May 5, 2006 charges in the Indictment, Rule 403 of the Federal Rules of Evidence would exclude the government mentioning Defendant Battle purportedly supplying a person named "David" when "David was down." See Grayton v. United States, 745 A.2d 274, No. 96-96-CF-1393, 2000 WL 123824 (citing Winfield, 676 A.2d at 5, in recognition that trial judge should exclude "evidence this is too remote in time and place, completely unrelated or irrelevant to the offense charged, or too speculative..." and, thus, excluding evidence of prior drug use unrelated to the day of incident and witness testified).

Other reputation evidence the government may seek to offer, through the testimony of the confidential source, that "Desi has a reputation of possession with intent to distribute marijuana and cocaine." This type of evidence is improper reputation evidence.

B. **Motion In Limine to exclude any mention of video or audio evidence of illegal drug transactions under Giglio.**

The government has opted not to allow Mr. Battle to review the alleged drug transactions purportedly captured as video or audio recordings. And the government concedes that the recordings need the explanation of the cooperating witness in this case to have any value to the government's case in chief. Counsel has reviewed of the government video / audio and cannot detect any criminal activity, and needs the assistance of Mr. Battle to determine what was going on during the encounter videotaped and to help determine a proper defense.

Under *United States v. Giglio*, 405 US 150 (1972), the defense is entitled to know what incentives the cooperating witness has been given by the government. Failure of the government to identify the cooperating witness leaves the defense in a position at a great disadvantage preparing for trial.

C. **Motion In Limine to exclude any mention of a April 4, 2006, phone call in which Desaline Battle purportedly set up a May 2, 2006 drug transaction**

The United States failed to establish probable cause under Chapter 19 Title 18, United States Code in an affidavit by the District of Columbia police or the FBI to obtain a federal wiretap Court Order from the court although identifying a cellular telephone phone number identified number as 202-276-5228, after reporting at the beginning of their investigation through police reports that an application would be made. In discovery tendered to the defense, FBI Special Agent Ryan Pardee indicated that an application for a wiretap should be made. Nonetheless, the government has not tendered any affidavit for a wiretap or any tangible indication that a wiretap court order was ever

4

secured. The government should be precluded from mentioning any plans the police had to secure a wiretap.

In essence, the police apparently abandoned wiretap plans and should be banned from suggesting to a jury that any telephone calls were related to the criminal activity alleged in this case.

### D. COCAINE EVIDENCE OF THE PURPORTED MAY 5, 2006 TRANSACTION SHOULD BE PRECLUDED.

In violation of Rule 16 of the Federal Rules of Criminal Procedure, the government has **not provided the defense as part of discovery any drug analysis, a DEA-7 or any other drug laboratory report for cocaine referenced in count 2 of the Indictment**. And the cocaine evidence from count 1 of the Indictment has unreliable evidentiary value in that the time recorded from the special employee it weighed 125 grams with packaging and when weighed by the DEA it weighed 157 grams with packaging. Therefore, any reference to powder cocaine should be precluded from the government's case.

### CONCLUSION

For the reasons stated herein, the defense move for an Order in Limine to prelude the improper evidence so referenced.

Respectfully submitted,

Kevin McCants
Bar # 493979

5

601 Pennsylvania Ave., NW
Suite 900
Washington, DC 20004
202.742.6540
202.330.5155 (fax)
mccantsk@aol.com (email)

### Certificate of Service

Under penalty of perjury, I, Kevin McCants, attest that a true and complete copy of the defendant's initial motion in limine was sent electronically to the assigned prosecutor, Anthony Scarpelli, on this 2d day of June, 2008.

_____
Kevin McCants

06/02/2008  16:21    2026398238                REGUS                                          PAGE  07/07
Case 1:08-cr-00094-RJL   Document 11   Filed 06/02/2008   Page 7 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA   :
                           : Criminal No. 08-094
                           :
        v.                 :
                           : Honorable Richard J. Leon
DESALINES BATTLE           :
                           :

### ORDER

Upon consideration of Defendant's Motion In Limine and Incorporated Memorandum of Points of Authorities, it is **Ordered**, that the no reference shall be made to audio or video evidence, reputation evidence, telephone use by the defendant to further illegal drug trafficking. **IT IS SO ORDERED ON THIS** _____ day of June, 2008.

_____
Richard J. Leon
United States District Court Judge