UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 08-094 (RJL)** |
| v. | : | |
| | : | |
| **DESALINES BATTLE** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS AND INCORPORATED MEMORANDUM IN SUPPORT OF AND REQUEST FOR EVIDENTIARY HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to suppress physical evidence and statements. As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing.

### I. FACTUAL BACKGROUND

In August 2005, a cooperating witness (CW) provided the government with information that the defendant Desalines Battle was selling drugs in the D.C. community. Based on this information, the Metropolitan Police Department (MPD) and the Federal Bureau of Investigation (FBI) initiated an investigation into the defendant. Based on the investigation, law enforcement determined that the defendant used a family member's residence at 3622 New Hampshire Avenue, N.W., Washington, D.C., to both store and sell drugs.

On March 3, 2006, the CW, under the supervision of the MPD and FBI, purchased approximately an eighth of a kilogram of cocaine base from the defendant for approximately $4,000, inside of 3622 New Hampshire Avenue, N.W. A concealed camera worn by the CW captured the

drug transaction.[1]  The Drug Enforcement Administration (DEA) Laboratory determined that the substance the CW purchased from the defendant to be 121.5 grams of cocaine base, which was 64% pure.

On May 5, 2006, the CW, under the supervision of the MPD and FBI, purchased approximately an eighth of a kilogram of cocaine hydrochloride from the defendant for approximately $3,200, inside of 3622 New Hampshire Avenue, N.W.  A concealed camera worn by the CW captured the drug transaction.  The DEA Laboratory determined that the substance the CW purchased from the defendant was 122.4 grams of cocaine hydrochloride, which was 80% pure.

On April 8, 2008, a District of Columbia federal grand jury indicted the defendant as follows: Count One Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(iii); and Count Two Unlawful Distribution of Cocaine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

## II.  ANALYSIS

### A.  The Government Is Not Required To Authenticate Physical Evidence Prior To Its Admission at Trial

The defendant claims that the government "has not authenticated recordings used against Mr. Battle." (Document 8 at 3-4).  Fed. R. Crim. P. 12(b)(2) states that "A party may raise by pretrial motion any defense, objection, or request that the court can determine without trial of the general issue." Authentication of physical evidence is a process typically undertaken during trial, not during discovery or any other pretrial phase.  Federal Rule of Evidence 901(a) recognizes that authentication is "a condition precedent to admissibility, that is satisfied by evidence sufficient to

---

[1] On May 21, 2008, defense counsel came to the United States Attorney's Office and viewed the video and audio taped drug transaction from March 3, 2006, and May 3, 2006.

support a finding that the matter in question is what its proponent claims." The rule contains an illustrative, but not exhaustive, list of accepted methods of authentication including authentication through the testimony of a witness with knowledge. See Fed. R. Evid. 901(b).

During the defendant's trial, the government will fully authenticate all the physical evidence, including the video taped evidence against the defendant, through the CW, law enforcement officers, and by the fact that the defendant's face is on the video. No Federal Rule of Evidence requires the government to authenticate evidence the government intends to admit at trial, during the pretrial phase.

### B.  The Government Will Establish Sufficient Chain Of Custody For All Evidence Admitted At The Defendant's Trial[2]

The discovery materials provided to the defendant, in accordance with Rule 16, demonstrate a proper chain of custody of the physical evidence to be used against the defendant. The chain of custody of this physical evidence will be established by the government at trial. The Court, in determining whether there is a break in the chain of custody, begins its analysis with a presumption that "the integrity of the evidence routinely handled by the government was suitably preserved." United States v. Lane, 591 F.2d 961, 962 (D.C. Cir. 1979). (The defendant can overcome this presumption with a "minimal showing of bad faith or evidence tampering.") Id. If the defendant calls this presumption into question, the government need merely to demonstrate that "as a matter of reasonable probability," possibilities of misidentification and adulteration have been eliminated. United States v. Stewart, 104 F.3d 1377, 1383 (D.C. Cir. 1997). Once the government meets this

---

[2] Defense counsel refers to this part of his motion as "chain of command." (Document 8 at 4). The government believes defense counsel meant chain of custody, and will respond accordingly.

burden, the evidence is admitted and the jury is permitted to consider its weight and probative value. Id.

At trial, the government will establish that the CW obtained the drugs from the defendant, and immediately turned the drugs over to law enforcement. The defendant cannot demonstrate any showing of bad faith or evidence tampering in order to overcome the presumption that the government properly handled and preserved the physical evidence in this case, nor has he raised any. Accusing the government, pretrial, of not demonstrating a proper chain of custody of physical evidence against the defendant is a transparent device. Defense counsel has not even viewed the evidence. Furthermore, defense counsel points to not one fact supporting an alleged impropriety in the government's handling of evidence in this case, but merely makes rambling accusations that are meritless. Indeed, as this Court has seen in many narcotics trials, law enforcement in this District, if not everywhere in the United States, has very careful guidelines and methods for protecting and memorializing the chain of custody and integrity of evidence.

Finally, the defendant requests an evidentiary hearing on these issues. (Document 8 at 1). Evidentiary hearings are not granted as a matter of procedure; such a hearing is required only if any disputed facts are "necessary to the decision of the motion." United States v. Dean, 100 F.3d 19, 21 (5th Cir. 1996). The party requesting the hearing bears the burden of showing that there are material facts in dispute. See In re Searches and Seizures Conducted, Etc., 665 F.2d 775, 776 (7th Cir. 1981). Factual allegations in the defendant's motion must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice." United States v. Harrelson, 705 F.2d. 773, 737 (5th Cir. 1983).

The defendant has not satisfied his burden of showing that there are any material facts in dispute necessary to the decision of the motion to suppress. The defendant, in his brief, does not make any allegations that specific facts regarding the physical evidence are in dispute. Also, defense counsel has not even examined the physical evidence in this case. Rather, the defendant argues that the evidence has not been properly authenticated and the chain of custody has been broken. Both of these issues will be addressed by the government at trial, not in the pretrial phase, as discussed above. The defendant's allegations are extremely general and conclusionary – the exact characteristics Harrelson cited as not satisfying the burden to show disputed material facts. Id.

Thus, because the defendant has failed to meet his burden of showing there are material facts in dispute necessary to the motion to suppress, the request for an evidentiary hearing should be denied.

WHEREFORE, the government respectfully requests that the defendant's motion to suppress evidence and statements be denied.

Respectfully Submitted,

JEFFREY TAYLOR
UNITED STATES ATTORNEY

_____

Anthony Scarpelli
Assistant United States Attorney
D.C. Bar Number 474711
Narcotics Section
555 4th Street, N.W. – Room 4816
Washington, D.C. 20530
(202) 353-1679