UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.     : | Criminal Case No. 08-094 (RJL) |
| : | |
| DESALINES BATTLE,   : | |
|           Defendant.  : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's motion for a bill of particulars (Document 9).

This section of the instant pleading is intended to assist the defendant by responding to several of his requests for information.  However, the fact that some act or acts are not discussed in this pleading does not, in and of itself, signify that the government will not seek to prove that act or acts during trial.  See, e.g., United States v. Palfrey, 499 F. Supp. 2d 34, 43 (D.D.C. 2007) citing United States v. Hsia, 24 F. Supp. 2d 14, 30 (D.D.C. 1998) ("A bill of particulars properly includes clarification of the indictment, not the government's proof of its case.") In Palfrey, the Court concluded that "[A] bill of particulars is not a discovery tool or a device for allowing the defense to preview the Government's evidence."  499 F. Supp. 2d at 44 (internal citations omitted).

1.     The defendant first requests that the government "[i]dentify any 'unindicted' co-defendants with whom the defendant acted in concert with that are 'known' to the grand jury.'" (Document 9 at 1).  At this time, there are no other "unindicted co-defendants" in this matter.

2.     The defendant requests that the government "[i]dentify all overt acts not listed in the indictment but upon which the government may rely at trial.'"  (Document 9 at 1).  As part of Rule

16 discovery, the government provided the defense with police reports disclosing facts surrounding this investigation, i.e. how and when the defendant unlawfully distributed illegal narcotics on the two occasions identified in the indictment. In addition, the government, as part of discovery, provided police reports detailing dates, locations, and approximate times of events leading up to the two illegal narcotics transactions. See, e.g., United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (where "the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required"); United States v. Glecier, 923 F.2d 496, 502 (7th Cir. 1991) (the court denied defendants' demand for a bill of particulars where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the charges against them and the alleged overt acts committed); United States v. Marrero, 904 F.2d 251, 258 (5th Cir. 1990) (holding that a bill of particulars is not required "when the information requested is provided in some other form").

3. The defendant further requests that the government "[i]dentify the manner and means by which MPD officers and FBI agent(s) targeted Mr. Battle for the surveillance, which led to his subsequent arrest and prosecution.'" (Document 9 at 1). As part of discovery, the government provided police reports detailing information from an interview with a confidential witness (CW) regarding his relationship with/knowledge of the defendant.

4. The defendant additionally requests that the government "[s]et forth the dates, times and places that the alleged informant(s) or co-defendants met to discuss the alleged crimes committed and the others that were party to the discussion." (Document 9 at 1.) The indictment along with police reports contained in the discovery materials amply detail the dates, times, and places the defendant and the CW discussed the drug transactions.

5.  The defendant requests that the government "[s]et forth the scope, purpose and overt acts taken by each alleged '[u]nindicted' co-defendant or conspirator or informant in furtherance of the alleged illegal drug transaction." (Id. at 2). As part of discovery, the government provided the defendant with police reports detailing the actions undertaken by the CW to obtain illegal drugs from the defendant.

6.  The defendant requests that the government "[s]et forth the names and addresses of each and every witness who claims to have observed Mr. Battle engage in any illegal conduct charged in the indictment." (Id. at 2). The government will provide a list of witnesses to be called prior to trial. The identity of the CW will be provided to the defendant prior to trial. The CW's identity is being withheld to protect him and to preserve the integrity of this and other potential investigations.

WHEREFORE, for the foregoing reasons, the government has amply responded to the requests for information put forth by the defense in its motion for a bill of particulars, and thus no bill of particulars need be ordered by the Court.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar No. 498-610


    Anthony Scarpelli
    D.C. Bar No. 474-711
    Assistant United States Attorney
    555 Fourth Street, N.W., 4th Floor
    Washington, D.C. 20530