**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 08-094 (RJL)** |
| v. | : | |
| | : | |
| **DESALINES BATTLE** | : | |

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, files this response to defendant's motion in limine. As grounds for this pleading, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing.

## I.  FACTUAL BACKGROUND

In August 2005, a cooperating witness (CW) provided the government with information that the defendant Desalines Battle was selling drugs in the D.C. community. Based on this information, the Metropolitan Police Department (MPD) and the Federal Bureau of Investigation (FBI) initiated an investigation into the defendant. Based on the investigation, law enforcement determined that the defendant used a family member's residence at 3622 New Hampshire Avenue, N.W., Washington, D.C., to both store and sell drugs.

On March 3, 2006, the CW, under the supervision of the MPD and FBI, purchased approximately an eighth of a kilogram of cocaine base from the defendant for approximately $4,000, inside of 3622 New Hampshire Avenue, N.W. A concealed camera worn by the CW captured the drug transaction. The Drug Enforcement Administration (DEA) Laboratory determined that the substance the CW purchased from the defendant to be 121.5 grams of cocaine base, which was 64%

pure.

On May 2, 2006, the CW, under the supervision of the MPD and FBI, purchased approximately an eighth of a kilogram of cocaine hydrochloride from the defendant for approximately $3,200, inside of 3622 New Hampshire Avenue, N.W.  A concealed camera worn by the CW captured the drug transaction.  The DEA Laboratory determined that the substance the CW purchased from the defendant was 122.4 grams of cocaine hydrochloride, which was 80% pure.

On April 8, 2008, a District of Columbia federal grand jury indicted the defendant as follows: Count One Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(iii); and Count Two Unlawful Distribution of Cocaine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

## II.  LEGAL ANALYSIS

### A.  The Government Will Not Be Admitting Evidence Of Any Drug Transactions Involving The Defendant And An Individual Named "David" At This Time.

At this time, the government has no intention of admitting any evidence regarding drug activity involving an individual named "David" cited in the police reports.  Thus, this issue need not be addressed by the court.

### B.  The Government Will Not Be Admitting Evidence Of The Defendant's Possession With Intent To Distribute Marijuana At This Time.

At this time, the government has no intention of admitting any evidence with regard to the defendant possessing with intent to distribute marijuana.  Thus, this issue need not be addressed by the court.

C. **The Government Should Be Permitted To Introduce Evidence Of The March 3, 2006 And May 2, 2006 Drug Sales**.

Federal Rules of Evidence 401 and 402 allow for the admission of any evidence that would have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. of Evid. 401; Fed. R. of Evid. 402. Relevant evidence may only be excluded if its value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. of Evid. 403.

The defendant is charged with two counts of possession with intent to distribute cocaine arising out two controlled drug sales on March 3, 2006 and May 2, 2006. The CW wore a body recorder during the drug transactions. On May 21, 2008, defense counsel viewed the video tapes of the drug transactions. The government has not turned over the video tape as it may endanger the CW, and possibly affect future investigations. The proper balance as to what material should be turned over to a defendant and when, depends on the circumstances of each case, including the crime charged, possible defenses, significance of the informer's testimony, and other relevant factors. See United States v. Edelin, 128 F. Supp. 2d 23, 37-39 (D.D.C. 2001).

Defense counsel's argument that the defendant needs to view the recordings to explain "what was going on during the encounter" fails because defense counsel has viewed the tapes and, at the very least, can explain to the defendant what the recordings involving the defendant show so the defendant may assist in preparing a defense. (Document 11 at 4). As to the other prong of the defendant's argument that the defense counsel "cannot detect any criminal activity," that should be left to a jury's determination.

3

The government is not required to disclose the names of potential witnesses, including the cooperating witness, in advance of trial. Id. at 31 ("Withholding the names of potential witnesses until several days before those witnesses testify is not a violation of a criminal defendant's constitutional rights."). Although disclosing the CW's identity at this time may assist the defendant in preparing its case, the government is permitted to withhold that disclosure to protect the CW from reprisals. See Id. at 33 ("The government enjoys a time-honored privilege to withhold the identity of its informants from criminal defendants.") The government's interest in not turning over the recordings and possibly disclosing the CW's identity significantly outweighs the defendant's interest in preparing a defense well in advance of trial. Applying the Edelin balancing test to the situation here demonstrates that the Court should not allow the audio/video recordings, and CW's identity, to be disclosed to the defendant at this time. Id. at 37-39.

Defense counsel also requests Giglio materials. In accordance with United States v. Giglio, the government will provide the criminal history and other relevant evidence about the CW on a date set by the court on the eve of trial. See 405 US 150 (1972). Turning over Giglio material regarding the CW at this time would be tantamount to disclosing the witness's identity.

Some courts have held that Giglio material does not have to be turned over until the day the government witness is scheduled to testify. See Edelin, 128 F. Supp. at 31; United States v. Higgs, 713 F.2d 39, 44 (3rd Cir. 1983) (holding that turning over Giglio material on the day the government witnesses are scheduled to testify satisfies the defendants' right to a fair trial). The Edelin court ruled that disclosing the identity of a government witness three days before the witness would testify allowed the defendant enough time to prepare for the testimony and cross-examination of the witness. See Edelin, supra. Consequently, the Edelin court also ruled that disclosure of impeaching

<u>Giglio</u> material on a witness need not be made until the witness's identity was disclosed.  <u>Id</u>. at 32-
33.[1]

### D.  <u>The Cocaine From The May 2, 2006 Should Be Admitted At Trial.</u>

On April 30, 2008, in compliance with Fed. R. Crim. P. 16, the government provided defense

counsel with DEA laboratory report W-15191, which is from the May 2, 2006 drug transaction.  On

June 10, 2008, the government supplied the defendant with the DEA-7 prepared from the May 2,

2006 drug sale.  Defense counsel is mistaken in his understanding of the drug quantity from the

March 3, 2006 drug purchase.  Defense counsel confuses the gross weight of the March 3 drug

purchase  noted in the DEA laboratory report by the chemist (157 grams), with a generic a reference

to the drug quantity purchase made on March 3, by one of the law enforcement officers (125 grams).

---

[1]  In Section C. defense counsel makes some convoluted argument about the government
using wiretap evidence.  (Document 11 at 4-5).  The government did not make an application for
a wiretap on telephone number (202) 276-5228.  The government is unclear what the defendant
is arguing here: no wiretap on (202) 276-5228 was ever secured; no application for a wiretap on
(202) 276-5228 was ever made; and no intention to make an application for a wiretap on (202)
276-5228 was ever expressed.  Therefore, there is nothing to mention about a wiretap on that
telephone.  Any telephone calls that may have been recorded in this case were done with the
consent of the party with whom the defendant was speaking and thus no further authorization
was required.

WHEREFORE, the government respectfully requests that the government's motion in limine to introduce certain evidence be granted.

Respectfully Submitted,

JEFFREY TAYLOR
UNITED STATES ATTORNEY


_____

Anthony Scarpelli
Assistant United States Attorney
D.C. Bar Number 474711
Narcotics Section
555 4th Street, N.W. – Room 4816
Washington, D.C. 20530
(202) 353-1679